**STATE OF WASHINGTON et al., and Port of Seattle, Appellees,**

v.

**CENTRAL CONTRACTORS ASSOCIATION, Appellant.**

No. 25251.

United States Court of Appeals, Ninth Circuit.

Dec. 27, 1971.

Lembhard G. Howell (argued), of Miller, Howell & Watson, Seattle, Wash., for appellant.

James B. Wilson, Asst. Atty. Gen. (argued), Slade Gorton, Atty. Gen. of Washington, C. Kenneth Grosse, Asst. Atty. Gen., Seattle, Wash. (Attys. for State of Washington), J. Tyler Hull (argued), Dustin C. McCreary of Bogle, Gates, Dobrin, Wakefield & Long, Seattle, Wash. (Attys. for Port of Seattle), for appellees.

Before BROWNING, ELY and CARTER, Circuit Judges.

PER CURIAM:

The District Court issued a Preliminary Injunction, and, confronted with exigent circumstances, amended the Injunction on November 7, 1969. The amendment, which the appellant challenges for vagueness and overbreadth, reads as follows:

"4. That pending final determination of this action all defendants, their agents and representatives and persons acting in concert with them are enjoined from any of the following activities in connection with disputes over minority representation on construction sites within the jurisdiction of the court: (a) physical assault, interference, or impediment, threats to use any physical force, interference or impediment or undertaking demonstrations in such numbers so as to give reasonable cause for apprehension of physical force, interference or impediment, against persons or property; and (b) undertaking to organize demonstrations which would tend to cause the acts prohibited by this order; and (c) entering or seeking to enter any areas where the general public is prohibited from entering by virtue of established regulations; and (d) interfering with the normal work and activities at construction sites; and (e) interfering with the flow of vehicular or pedestrian traffic or with ingress to or egress from public buildings or facilities or with the operations being conducted therein."

We find no merit in the appellant's first claim, to the effect that its

due process rights were infringed in connection with the issuance of the amendment. The amendment was predicated upon affidavits presented by the appellees, and the appellant made no request to file, and did not file, controverting documents.

 During oral argument in this court, the parties conceded that if we should find the amendment overbroad in any particular, any such defect might be corrected here. *See* Smith v. Grady, 411 F.2d 181 (5th Cir. 1969). In the dialogue, all counsel agreed that District Judge Lindberg was confronted with a problem of extreme urgency and that his expeditious action had likely prevented consequences of the utmost gravity. At the same time, counsel essentially agreed that the amendment might be revised in some particulars so as to cure any possible defects for overbreadth. We therefore modify the challenged amendment to the Preliminary Injunction so that it will now provide:

"4. That pending final determination of this action, all defendants, their agents and representatives and persons acting in concert with them are enjoined from any of the following activities in connection with disputes over minority representation on construction sites within the jurisdiction of the court: (a) physical assault, physical interference, or physical impediment, or threats to use any such physical force, interference, or impediment, or undertaking any such demonstrations as might be reasonably calculated to cause apprehension of such physical force, interference, or impediment against persons or property; and (b) participating in the organization of demonstrations for the purpose of causing the acts prohibited by this order; and (c) entering or seeking to enter any areas where the general public is prohibited from entering by virtue of established regulations; and (d) direct physical inter-

ference with the normal work and activities at construction sites; and (e) unreasonably interfering with the normal flow of vehicular or pedestrian traffic or with ingress to or egress from public buildings or facilities or with the operations being conducted therein."

The parties shall bear the costs which they, respectively, have incurred in connection with this appeal, and the District Court's amending injunctive order of November 7, 1969, is, as herein modified,

Affirmed.